UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-CR-14012-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL ROY PETERS IV,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBER 4

**THIS CAUSE** having come before the Court on the pending Petition for Offender under Supervision ("Petition"), and this Court having convened a hearing, now recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on October 5, 2020 for a hearing on the Petition, which alleges six violations of supervised release. The hearing was convened via videoconference on the Zoom platform. Defendant appeared from a computer set up in a courtroom in the Fort Pierce courthouse. All other participants appeared from their respective locations on Zoom.

    2.    At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through

videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Number 4 as set forth in the Petition. The Government agreed to seek dismissal of the remaining violations at sentencing.

4. Defendant admitted the following violation:

**Violation Number 4**     **Violation of Standard Condition**, by failing to refrain from violation of the law. On or about August 13, 2020, in Highlands County, Florida, the defendant committed the offense of failing to comply with sex offender registration law by omitting motor vehicle information from his sex offender registrations completed on August 9 and 25, 2019, contrary to Florida Statute 943.0435(14)(c)4.

5. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Number 4. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

6. The Government verbally proffered a factual basis for the admission into the record. The Government stated that on February 15, 2019, a deputy from the Highland County Sheriff's Office ("HCSO") interviewed Defendant and saw a cargo trailer motor vehicle in Defendant's driveway. The deputy advised the Defendant that the cargo trailer motor vehicle was required to be registered on Defendant's sex offender registration form. Defendant said that he understood. More than a year later, on August 13, 2020, the same deputy saw the same vehicle at Defendant's

residence. Defendant still had not registered it on his sex offender forms. The Government proffered Exhibits 1 and 2 which were admitted without objection. These are FDLE Sex Offender Registration Forms completed by the Defendant on August 9 and 25, 2019 after being advised that his cargo trailer motor vehicle needed to be registered. The forms show that Defendant still did not register the cargo trailer motor vehicle. After listening to the Government's proffer, the Defendant acknowledged that he completely understands the factual proffer and agrees that it accurately set forth the facts in his case as he understands them to be. He agreed that the Government could prove those facts against him were a hearing to be held in this matter. This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admission to Violation Number 4.

7. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admission under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Number 4 and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 5th day of October, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE